IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-257-D

HOLLYCE ORAHEM-　　　　　　　　　　)
CHAHARBAKHSHI and WILSON　　　　)
ORAHEM-CHAHARBAKHSHI,　　　　　　)
individually, and derivatively on　　　　　)
behalf of Hopewill Holdings, Inc.　　　　　)
and HH1 LLC,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
PEGGY LARUE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.　　　　)

On March 14, 2023, Hollyce Orahem-Chaharbakhshi ("Hollyce") and Wilson Orahem-Chaharbakhshi ("Wilson"), individually and derivatively on behalf of Hopewill Holdings, Inc. and HH1 LLC (collectively, "plaintiffs"), filed an action against Peggy LaRue ("LaRue" or "defendant") in Wake County Superior Court [D.E. 1-1]. On May 12, 2023, LaRue removed the action to this court [D.E. 1, 9]. On June 16, 2023, plaintiffs moved to remand and requested costs [D.E. 10]. On July 7, 2023, LaRue responded in opposition [D.E. 13]. On July 14, 2023, plaintiffs replied [D.E. 14]. As explained below, the court grants plaintiffs' motion to remand, remands the action to Wake County Superior Court, and awards no costs.

I.

Hollyce and Wilson are minority members of HH1 LLC and minority shareholders of Hopewill Holdings, Inc. See [D.E. 9-1] ¶ 6. LaRue is HH1 LLC's majority member and the only other member besides Hollyce and Wilson. See id. at ¶¶ 6, 8. LaRue is also the majority shareholder of Hopewill Holdings, Inc. and the only other shareholder besides Hollyce and Wilson. See id.

When plaintiffs filed suit, Hollyce and Wilson were citizens of North Carolina, and LaRue was a citizen of Ohio. See id. at ¶¶ 1–3.

On March 14, 2023, Hollyce and Wilson, individually and derivatively on behalf of Hopewill Holdings, Inc. and HH1 LLC, filed an action against LaRue in Wake County, North Carolina Superior Court [D.E. 1-1]. Plaintiffs allege that they made a demand on the companies and, thus, proceeded under N.C. Gen. Stat. § 57D-8-01(a)(2) with a derivative suit. See [D.E. 14] 2–3. LaRue responds that plaintiffs have not made a proper demand under North Carolina law. See [D.E. 13] 3–6.

LaRue premised removal on 28 U.S.C. § 1332. See [D.E. 10]. Plaintiffs do not dispute the amount-in-controversy requirement for federal diversity jurisdiction but dispute that the diversity requirement is satisfied. "[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021). Under 28 U.S.C. § 1441,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colo. Bankers Life Ins. Co. v. AT Den. Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). Under 28 U.S.C. §1332, the district court has jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

If diversity jurisdiction is challenged, the removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the

2

case. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The citizenship of each real party in interest must be established by a preponderance of the evidence. See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv. Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016); Mulcahey, 29 F.3d at 151; see also Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974); Janzen v. Goos, 302 F.2d 421, 423–24 (8th Cir. 1962) (Blackmun, J.). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case. Mayor of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123. Put differently, a court should "resolve doubts in favor of remand." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123.

Plaintiffs argue that LaRue has not established diversity under 28 U.S.C. § 1332. Specifically, plaintiffs argue that because they brought this action as a derivative action, the limited liability company, HH1 LLC, is a party. Thus, because HH1 LLC's members are Hollyce, Wilson, and LaRue and citizenship for the purpose of diversity is that of its members, the parties in this action are not diverse.

3

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." City of Indianapolis v. Chase Nat. Bank of N.Y., 314 U.S. 63, 69 (1941). Conversely, "parties [also] cannot avoid diversity by their designation of the parties." City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (emphasis in original); see Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). Rather, a federal court must "look beyond the pleadings[ ] and arrange the parties according to their sides in the dispute." City of Indianapolis, 314 U.S. at 69. Therefore, the court must determine who the parties are in this action.

For purposes of diversity jurisdiction, the citizenship of an LLC (here, HH1 LLC) is determined by the citizenship of all of its members (here, Hollyce, Wilson, and LaRue). See, e.g., Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); Gen. Tech. Applications, Inc., 388 F.3d at 121. Although LaRue lists HH1 LLC's citizenship only as North Carolina in her removal to this court, see [D.E. 9] ¶ 5, LaRue does not argue that an LLC's citizenship is not based on the citizenship of its members. See [D.E. 13]. Accordingly, HH1 LLC is a citizen of North Carolina and Ohio for purposes of diversity jurisdiction.

As for whether HH1 LLC is a party to this action, a corporation is an indispensable party to a derivative action. See, e.g., Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 522–23 (1947); Meyer v. Fleming, 327 U.S. 161, 170 (1946); Alford v. Shaw, 327 N.C. 526, 534, 540, 398 S.E.2d 445, 449, 453 (1990); Anderson v. Seascape at Holden Plantation, LLC, 241 N.C. App. 191, 204–05, 773 S.E.2d 78, 87–88 (2015). Pursuant to N.C. Gen. Stat. § 57D-8-01(a)(2), a member of an LLC may bring a derivative action on the company's behalf if:

> [t]he member made written demand on the LLC to take suitable action, and either (i) the LLC notified the member that the member's demand was rejected, (ii) 90 days have expired from the date the demand was made, or (iii) irreparable injury to the LLC would result by waiting for the expiration of the ninety-day period.

4

N.C. Gen. Stat. § 57D-8-01(a)(2). A plaintiff who fails to comply with the statutory demand process under North Carolina law has no standing to sue derivatively on behalf of the LLC, and, thus, the LLC is not a party to the suit. See, e.g., Fulton v. Talbert, 255 N.C. 183, 185, 120 S.E.2d 410, 412 (1961); Jordan v. Hartness, 230 N.C. 718, 719, 55 S.E.2d 484, 485 (1949); Allen ex rel. Allen & Brock Const. Co. v. Ferrera, 141 N.C. App. 284, 287, 540 S.E.2d 761, 764 (2000); Barefoot v. Barefoot, No. 21 CVS 1788, 2022 WL 316836, at *4 (N.C. Super. Feb. 2, 2022) (unpublished).

Plaintiffs allege that they did "make a demand" and "were required to proceed under section (iii) of N.C.G.S. §57D-8-01(a)(2)." [D.E. 14] 2–3. Plaintiffs argue that their demand was sufficient and that even if they did not wait until 90 days after demand, they could proceed with a derivative action under the irreparable injury exception in N.C. Gen. Stat. § 57D-8-01(a)(2). See id. LaRue responds that plaintiffs have not made a demand and no exception applies. See [D.E. 13] 3–6.

LaRue has not met her burden of proof regarding HH1 LLC. See Mayor of Balt., 31 F.4th at 197; Common Cause, 956 F.3d at 252; Mulcahey, 29 F.3d at 151; Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123; see also Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C., 822 F.3d at 748; Mulcahey, 29 F.3d at 151; Mas, 489 F.2d at 1398–99; Janzen, 302 F.2d at 423–24. Under North Carolina law, if plaintiffs made a demand and if the irreparable injury exception applies, HH1 LLC is a party to the suit. See, e.g., Emrich Enters., LLC v. Hornwood, Inc., No. 19 CVS 5659, 2020 WL 1701710, at *8–9 (N.C. Super. Ct. Apr. 8, 2020) (explaining the requirements for the irreparable injury exception to N.C. Gen. Stat. § 57D-8-01(a)(2)); Miller v. Burlington Chem. Co., LLC, No. 13 CVS 9719, 2017 WL 397883, at *9–10 (N.C. Super. Ct. Jan. 27, 2017) (assessing the sufficiency of a demand to maintain a derivative suit). LaRue listed HH1 LLC as a party in her notice of removal but failed to list the proper citizenship of HH1 LLC. See [D.E. 1] 1–2. LaRue apparently failed to recognize an LLC's citizenship for the purpose of diversity jurisdiction is that of all its members. See [D.E. 9] ¶ 5. LaRue's attempt to defeat remand by challenging HH1 LLC's party status fails. LaRue's failure to meet the burden of proof for establishing diversity dooms her

5

argument. The court must resolve doubts about HH1 LLC's party status "in favor of remand." Palisades Collections, LLC, 552 F.3d at 336; see Elliott, 883 F.3d at 390; Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123. Thus, the court remands the action to Wake County Superior Court. The court declines to award costs. See, e.g., Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Common Cause, 956 F.3d at 256–57.

II.

In sum, the court GRANTS defendant's motion to remand [D.E. 10], REMANDS the action to Wake County Superior Court, and AWARDS no costs.

SO ORDERED. This 28 day of July, 2023.

JAMES C. DEVER III<br>
United States District Judge

6

Case 5:23-cv-00257-D-RJ   Document 16   Filed 07/28/23   Page 6 of 6